[Civil No. 2196.   Filed May 22, 1925.]

[236 Pac. 691.]

## SANTA CRUZ COUNTY, Plaintiff, v. PIMA COUNTY, Defendant.

1. COUNTIES—NEW COUNTY HELD ENTITLED TO RECOVER FROM ORIGINAL COUNTY PROPORTIONAL SHARE OF MONEY PAID TO REIMBURSE LATTER COUNTY FOR INTEREST PAID ON REFUNDING BONDS.—Where new county assumed proportional share of original county's indebtedness on railroad aid bonds, and, to adjust liability on territorial refunding bonds, issued bonds to original county and paid interest thereon, and state afterwards reimbursed original county for interest paid on refunding bonds with money derived from sale of land, under Act of Congress of June 20, 1910, granting land to state to pay such railroad aid bonds, which bonds had been validated by Act of Congress of June 6, 1896, *held* that new county could recover from original county proportional share of money paid by state to reimburse original county for interest paid on refunding bonds.

2. COUNTIES—REFERENCE—COSTS AND REFEREE'S COMPENSATION HELD TO BE EQUALLY DIVIDED IN SUIT BY NEW COUNTY AGAINST ORIGINAL COUNTY.—In suit by new county against original county to recover proportional share of money paid by state to reimburse original county for interest paid on refunding bonds, *held*, that costs and referee's compensation will be equally divided.

See (1) 15 **C. J.**, pp. 409, 414 (1926 Anno.).   (2) 15 **C. J.**, p. 414 (1926 Anno.); 34 **Cyc.**, p. 895.

Original proceedings.

Mr. W. A. O'Connor, County Attorney of Santa Cruz County and Mr. Warren Lee Kinder, Deputy County Attorney of Santa Cruz County, for plaintiff.

Mr. K. Berry Peterson, County Attorney of Pima County, and Mr. Louis R. Kempf, Deputy County Attorney of Pima County, for Defendant.

1.   See 7 **R. C. L.** 932.

LOCKWOOD, J.—This is a suit by Santa Cruz county against Pima county to recover a certain sum of money which the former alleges is due from the latter on account of certain payments received by Pima county from the state treasurer, as a refund of interest paid by it on what is commonly known as the "Pima County Narrow Gauge Railroad refunding bonds." The proceeding was, of course, an original one in this court, and the matter was submitted to a referee to render findings of fact and conclusions of law. The findings of fact are set forth as follows:

"That plaintiff and defendant are bodies politic and corporate of the state of Arizona, and the territory now comprising the county of Santa Cruz, was, prior to March 15, 1899, a part of the original county of Pima, and in the act of the territorial Legislature whereby the county of Santa Cruz was created, provision was made for its assumption of a proportional share of the indebtedness of the original county of Pima, and such share was subsequently determined to be .22415 per cent. of such indebtedness; that among such indebtedness was a liability for and on account of 150 bonds of $1,000 each, bearing interest at the rate of seven per cent. per annum, these bonds having been issued by the original county of Pima pursuant to an act of the territorial Legislature in aid of the construction of the Arizona Narrow Gauge Railroad; that such bonds were subsequently funded by the issuance of Arizona territorial bonds in the sum of three hundred eighteen thousand two hundred seventy-five and 29/100 ($318,275.29) dollars, the territory comprising the original county of Pima being assessable and liable for the payment of said bonds; that in adjusting the manner and amount of payment of said bonds and interest, the county of Santa Cruz issued and delivered to Pima county, the defendant, its bonds in the sum of seventy-one thousand three hundred forty-one and 41/100 ($71,341.41) dollars, bearing the same rate of interest as the territorial refunding bonds, and has paid to defendant county interest

on such bonds in the sum of thirty-five thousand three hundred fourteen and 04/100 ($35,314.04) dollars, and said bonds were .22415 per cent. of the amount of said refunding bonds, and were accepted by defendant county as such, and the interest paid was also accepted and applied by defendant county in the payment of interest on said refunding bonds; that the Congress of the United States, by Act of June 20, 1910 (36 Stat. 557), granted to the state of Arizona, as trustee, one million acres of land, authorized said trustee to sell and dispose of so much of said land as was necessary to pay the principal and interest of certain bonds validated, approved and confirmed by Act of Congress of June 6, 1896 (29 Stat. 262), and to make payment of the principal and accrued interest of said bonds, and that the bonds issued by the original county of Pima in aid of the construction of the Arizona Narrow Gauge Railroad, and refunded by said territorial refunding bonds were among the bonds so provided to be paid; that the state of Arizona, as such trustee, accepted said land, and prior to the institution of this action, from moneys received from the sale and rental of a part of said land, repaid to Pima county, defendant, the sum of seventy thousand eight hundred thirty-seven and 86/100 ($70,837.86) dollars, as a partial reimbursement of the interest paid on said territorial refunding bonds; that .22415 per cent. of the money so repaid to Pima county, defendant, is the sum of fifteen thousand, eight hundred seventy-eight and 30/100 ($15,878.30) dollars, no part of which has been repaid to Santa Cruz county, plaintiff, by Pima county, defendant; that in the month of January, 1920, Pima county, defendant, made a payment of interest on said territorial refunding bonds to the state of Arizona, of the sum of nine thousand five hundred forty-eight and 26/100 ($9,548.26) dollars, and that in securing repayment from the state of Arizona of said sum of seventy thousand eight hundred thirty-seven and 86/100 ($70,837.86) dollars, Pima county, defendant, expended in litigation the sum of four thousand three hundred fifty-four and 80/100 ($4,354.80) dollars;

28 Ariz.—19

that Santa Cruz county, plaintiff, did not contribute to the payment of said sums of money, and that .22415 per cent. of said sums is the sum of three thousand one hunderd sixteen and 37/100 ($3,116.37) dollars; that if said sum is deducted from the .22415 per cent. of said sum of seventy thousand eight hundred thirty-seven and 86/100 ($70,837.86) dollars, repaid to Pima county, defendant, by the state of Arizona, there remains the sum of twelve thousand seven hundred sixty-one and 93/100 ($12,761.93) dollars repaid to Pima county, defendant, by the state of Arizona, as trustee, no part of which has been repaid to Santa Cruz county, plaintiff in this action.''

And therefrom the referee found as conclusions of law that judgment should be entered in favor of Santa Cruz county, plaintiff, as against Pima county, defendant, for the sum of $12,761.93. The findings of fact were made almost entirely from admissions, stipulations, and documentary evidence, and were not seriously disputed by Pima county; the apparent purpose of the suit being to secure an official determination which would protect the board of supervisors of that county in making the payment.

We are satisfied that the findings of fact are correct, and that as a matter of law Santa Cruz county is entitled to the judgment recommended by the referee. We believe, in view of the nature of the suit, that each county should bear one-half of the costs of the action and compensation of the referee for which Three Hundred and Fifty Dollars ($350.00) is, in our opinion, a reasonable sum.

It is ordered, adjudged, and decreed that the compensation of the referee herein is fixed at the sum of Three Hundred and Fifty Dollars ($350.00); that Santa Cruz county have and recover from Pima county the sum of Twelve Thousand Seven Hundred Sixty-one and 93/100 Dollars ($12,761.93); that each of said counties pay to said referee one-half of the sum aforesaid fixed as compensation; and that the

cost of this proceeding be apportioned and paid one-half by each of said counties.

McALISTER, C. J., and ROSS, J., concur.